Henry Epstein, J.
In this action for separation, by the plaintiff wife against the husband defendant, the right to a separation decree is not contested. Nor are the wife’s rights and proper status as mother and legal custodian of the four minor children in issue. The sole question for the court’s determination is the appropriate and reasonable allowance to plaintiff wife, out of defendant husband’s income, for the maintenance and support of said wife and minor children. The parties were married in 1945. They are now 38 years (wife) and 40 years (husband) of age, respectively. The eldest of the four children is now 13 years of age, and the youngest 6 years old. This court hag carefully reviewed the record on appeal in this litigation on the award of temporary alimony for plaintiff and children, While the ease was still pending decision on the said appeal to the Appellate Division, First Department (SAD 2d 341) coungel entered into a stipulation continuing the payments pursuant to the Special Term award until October 5, 1959, anticipating a trial by that date. The Appellate Division’s reduced temporary award of $20,000 per annum was therefore by-passed. Since the trial before this court began on October 14, the temporary award of Special Term, so stipulated to continue until October 5, has been, with counsel’s consent, continued.
*796 It is significant, in the light of the stress laid on the decisions in Hearst v. Hearst (3 A D 2d 706) and Borchard v. Borchard (5 A D 2d 472) by defendant’s counsel, to mention the following language from Justice Bergau’s opinion in the instant case (8 A D 2d 341, 343) when decided on appeal:
“ [W]e are not now required to pass upon what effect, if any, such an economic change for the better may have in the final judgment for support of the children, and of the wife.
“ We do not, of course, hold that after a full trial of the issues the court may not determine the arrangement made by the husband is actually inadequate; we hold merely that it is a sufficient arrangement to last until the trial is had.”
Such important facts which command this court’s attention are now part of the record of this case. They stand uncontradicted. This action was commenced in 1958, although the parties had been separated since 1954. Defendant abandoned the marital home in February, 1954. He began his active work as representative in charge of the British subsidiary of Simplicity Patterns, Inc., in February, 1955. He has since then resided in England, and his United States income taxes have been paid as a nonresident. Due mainly to this status, he has accumulated savings of some $60,000 in the four-year residence abroad. His United States taxes have been minimal as a result. While defendant asserts he hopes to return to this country and to work in the parent company here, such change of status has not yet taken place. This, too, has been given consideration in the determination arrived at.
Defendant’s gross income in 1953 was somewhat over $26,000, and, after taxes, over $20,000. In 1954, it was over $38,000, and, after taxes, over $26,200. In 1955, his gross income was over $50,000, and, due to the reduction in taxes based on his non-residence, his net income was over $44,000. In 1956, his gross income was $53,000, and after taxes the net was over $48,000. In 1957, his gross income was over $55,000, and his net after taxes was over $50,000. In 1958, Ms gross income was over $63,000, and his net after taxes was over $56,500. For the year 1959, the progression continues. The importance of these figures of conceded income becomes apparent in the light of the changed physical condition of the plaintiff wife and the growth in age and school and living costs of the home and cMldren since defendant’s abandonment in 1954. As of September 30, 1959, defendant has assets in cash and securities of over $82,000. He is now free from any debts. Defendant wife has no independent *797 source of income whatsoever. She has become indebted for home repairs.
Plaintiff wife lives in their former home in Great Neck, Long Island, which was enlarged when the family increased in the years prior to defendant’s departure. The house is in the joint names of plaintiff and defendant and is one appropriate for a family so circumstanced. The expenditures for its expansion were paid by defendant, and his borrowings for such purpose have been liquidated. Defendant’s own analysis of expenditures of a personal nature (for self and family, excluding business expenses paid by the company) shows in the year 1953 a total of $35,652.47 expended from his checking account that year —1953. He now resides in London and testifies to a personal living expense of about $7,500 a year (excluding expenses charged to the business and paid either by the United States company or the British subsidiary).
A major consideration which this court must weigh is the changed physical condition of plaintiff wife and the increasing cost of maintenance and education of the four children. The record reveals a very comfortable upper middle-class mode of living and entertainment of defendant’s family before his departure and an admitted deterioration of the house and furniture in the intervening years. These conditions are now being repaired, the cost of which created disputed conclusions on the trial. Both sides authorized the admission of plaintiff’s Exhibit 18 in lieu of calling Dr. Samuel S. Paley, M.D., F.A.C.P., who has been treating plaintiff for some years and who, on June 25, 1958, sent her to Dr. Lewis B. Posner for special examination. The following extract from that exhibit is of great importance and goes far to constitute a major distinguishing factor from the Hearst and Borchard cases {supra):
“ As you know, she is suffering from a chronic degenerative disease of her spinal cord, probably syringomeylia. Her upper extremities show typical atrophy and sensory disturbances. In the absence of any other cause of the edema of her lower extremities, the only explanation is trophic vasomotor disturbances due to expansion of the spinal cord lesion into the lumbar area.
“ There is no special therapy for this disease, although radiation and even surgery has been attempted; however, this type of therapy is not recommended.”
It appears plaintiff will need progressively more care in the years ahead. The children have been accorded the advantages of school, summer camp, travel and appropriate clothing, etc. *798 Defendant does not question this. One major consideration must also be considered. Defendant will have an appropriate deduction in his tax returns for the court’s allowance for his wife’s separate maintenance. For such amount, she will he obliged to pay an income tax. This saving to defendant husband is not so insignificant as to be a matter of no importance to Mm, to the court, and to plaintiff wife. The allowance for the benefit of the four children should also be separately allocated, although payable to plaintiff, since it is an obligation of defendant father, and on which he also receives a deductible allowance on his tax returns.
After careful analysis of all the evidence, the testimony of the parties, and the trust set up for defendant (which yielded him a return of over $18,000 in 1954 and over $30,000 in 1958), it is the conclusion of this court that alimony to plaintiff wife should be in the sum of $12,000 a year and the allowance for the four children should be $12,000 a year. These amounts should he payable monthly, in equal sums, unless otherwise agreed upon. In addition, defendant shall pay one half of all the mortgage installment's, interest and taxes on the house jointly owned by them. Here he also enjoys deductions. There remains only the matter of added counsel fees, for which application has been made. The trial and the exhibits reveal a carefully prepared and thoroughly analyzed set of facts requiring study and presentation by counsel of ability and experience. In the light of all the circumstances, it is ordered that added counsel fee of $2,500 be paid in addition to the $3,750 heretofore directed and paid.
In the event of established decrease or increase in purchasing power of the dollar in the future, application may be made for appropriate change in. the above award.
Submit judgment accordingly, with decree of separation and custody m above determined.